UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-6-DLB

JOHN DOE                                                                                                             PLAINTIFF

v.                                    **<u>MEMORANDUM ORDER</u>**

**KENTUCKY COMMUNITY &**
**TECHNICAL COLLEGE SYSTEM, et al.**                           **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Plaintiff's Motion for Permission to Proceed Under Pseudonyms. (Doc. # 3). The Plaintiff, a former faculty member at Kentucky Community & Technical College System ("KCTCS"), alleges in his Complaint, that KCTCS "mishandl[ed] [ ] allegations of sexual misconduct against him by two female students at the KCTCS." *Id.* at 1. In his Complaint, Plaintiff alleges that he was fired for violating KCTCS's Harassment Free Workplace and Sexual Misconduct Policies by making "students uncomfortable when, on multiple occasions, [Plaintiff] touched them in an unwanted manner and commented on their appearance." (Doc. # 1 at 3–4). He brings suit against his employer Big Sandy Community & Technical College, KCTCS, and the individuals he believes are responsible for his firing. *Id.* at 2–3. He claims the following: violation of the Fourteenth Amendment Due Process Clause, deliberate indifference to violations of his constitutional rights, discrimination in violation of Title IX of the Educational Amendments Act of 1972, breach of contract, employment discrimination in violation of Title VII of the Civil Rights of 1964 and the Kentucky Human Rights Act, breach

1

of duty of fundamental fairness, negligence, and intentional infliction of emotional distress. *Id.* at 7–17. In his Motion, Plaintiff requests that both he and his accusers, in an attempt to maintain privacy, be permitted to proceed through this case under pseudonyms. (Doc. # 3). Plaintiff is specifically concerned "that he will suffer retaliation, social stigmatization and reputational harm if he is denied the opportunity to pursue this action without a pseudonym." *Id.* at 4.

Pursuant to Federal Rule of Civil Procedure 10(a), a complaint "must name all the parties." FED. R. CIV. P. 10(a). Under certain circumstances, however, plaintiffs may proceed under pseudonyms. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). Such an exception may be warranted if the plaintiff's "privacy interest substantially outweighs the presumption of open judicial proceedings." *K.R.B. v. Elizabethtown Indep. School Dist.*, No. 3:17-cv-605-GNS, 2017 WL 11483915, at *1 (W.D. Ky. Dec. 7, 2017) (citing *Porter*, 370 F.3d at 560). A court considers a number of factors in determining whether such an exception to the naming requirement is appropriate including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Marsh*, 123 F. App'x at 636 (quoting *Porter*, 370 F.3d at 560). Additionally, the Court will consider "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Id.* (citing Porter, 370 F.3d at 561).

Allowing Plaintiff to proceed anonymously is not warranted here. Plaintiff has made no attempt in his Motion to explain how any of the four factors set forth by the Sixth

2

Circuit indicate that pseudonyms are appropriate in this case. While in some past sexual misconduct cases within the Circuit, both the accused and the accusers have been permitted to proceed under pseudonyms presumably under the second factor, *see, e.g.*, *Doe v. University of Dayton*, 766 F. App'x 275, 278 (6th Cir. 2019); *Doe v. Baum*, 903 F.3d 575, 579 (6th Cir. 2018); *Doe v. Miami University*, 882 F.3d 579, 584 n.1 (6th Cir. 2018), Plaintiff here has failed to identify how this case would compel him "to disclose information of the utmost intimacy." *Porter*, 370 F.3d at 560. In fact, in reviewing the Complaint, it appears that Plaintiff's claims focus on how the Defendants handled the sexual misconduct allegations against him and came to the decision to fire him; the exact nature of those allegations seem tangentially relevant at best. Thus, it seems unlikely at this point that the litigation would require the disclosure of "information of the utmost intimacy." *Porter*, 370 F.3d at 560. Additionally, he is not challenging a governmental entity, will not be compelled to disclose an intention to violate the law, and is not a child. *Porter*, 370 F.3d at 560. Thus, the Sixth Circuit factors do not compel the Court to allow him to proceed anonymously. *Id.*

Additionally, Plaintiff has not shown that his privacy interests "outweighs the presumption of open judicial proceedings." *K.R.B.*, 2017 WL 11483915, at *1. While Plaintiff indicates that the Defendants are aware of his identity so proceeding anonymously would not prejudice the Defendants, (Doc. # 3 at 2, 5), it must be noted that "the broad 'principle that judicial proceedings, civil as well as criminal, are to be conducted in public' serves many other public ends," *Doe v. Univ. of Louisville*, No. 3:17-cv-638-RGJ, 2018 WL 3313019, at *3 (W.D. Ky. July 5, 2018) (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). For example, beyond "informing defendants of a plaintiff's

3

identity," requiring parties to be named allows citizens to know who is using the court system. *Id.* (citations omitted). Moreover, "[a]nonymous litigation also deprives the public of its common law right of access to judicial proceedings and undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel." *Id.* (citations omitted). Here, Plaintiff has failed to show how his privacy interests outweigh these public ends. *See generally* (Doc. # 3).

Moreover, when a Plaintiff argues that anonymity is necessary to prevent retaliation, "the risk [of retaliation] must not merely be hypothetical but based on real evidence." *Doe v. Dordoni*, No. 1:16-cv-74-JHM, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016). Plaintiff has failed to make such a showing. The suggestion that Plaintiff will be retaliated against as a result of this litigation is merely hypothetical. *See* (Doc. # 3 at 5) (suggesting that Plaintiff "will almost certainly be severely hampered in his future employment opportunities" but offering no evidence in support of this statement). While the Court appreciates that Plaintiff alleges that he was mistreated after being accused of sexual misconduct, he "ha[s] *chosen* to file a civil complaint for damages . . . [so his] concerns do not substantially outweigh the presumption of open judicial proceedings," *K.R.B.*, 2017 WL 11483915, at *1 (emphasis added). Thus, to the extent his Motion requests that the Plaintiff be allowed to proceed anonymously, it is **denied**.

The Court also notes that the Plaintiff indicates in his Motion that he would seek to maintain the privacy of the names of his accusers as well. (Doc. # 3 at 1). The Federal Rules only require that the parties to litigation be named. FED. R. CIV. P. 10(a). As the accusers are not parties to this litigation, *see* (Doc. # 1), that requirement does not apply to them, FED. R. CIV. P. 10(a). The Court finds however, that in order to protect the privacy

4

interests of these non-party accusers, the utilization of pseudonyms is appropriate throughout the remainder of this litigation. *See White v. Burbon Cmty. Hosp., LLC*, No. 5:14-cv-79-REW, 2016 WL 208303, at *1 n.2 (E.D. Ky. Jan. 15, 2016) (using pseudonyms for the two non-party patients "whose information is relevant to the dispute" so as "to protect the privacy interest of the non-party patients"). Given that the Complaint stems from the handling of the sexual misconduct allegations by Plaintiff's employer and Plaintiff's ultimate termination, rather than the nature of the sexual misconduct allegations themselves, it does not appear that the identities of the accusers are relevant to this litigation. Accordingly, the Court finds it appropriate to allow the accusers to remain anonymous throughout this litigation. Thus, to the extent that the Motion seeks to allow the accusers to be referred to anonymously, the Motion is **granted**.

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion to Proceed Under Pseudonyms (Doc. # 3) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is directed to amend his Complaint to contain his full name within twenty (20) days of the entry of this Order.

This 30th day of January, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**