IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No: 7:20-cv-00006-DLB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE: DAVID L. BUNNING |
| | ) | |
| KENTUCKY COMMUNITY COLLEGE | ) | |
| & TECHNICAL SYSTEM, et al., | ) | **ORAL HEARING REQUESTED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING PLAINTIFF'S
MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**

**I.      INTRODUCTION**

Plaintiff John Doe, by and through undersigned counsel, Eric F. Long, of Friedman &
Nemecek, L.L.C. respectfully requests that this Honorable Court reconsider its earlier decision
denying Plaintiff's previously filed Motion for Permission to Proceed Under Pseudonym, which
was filed on December 20, 2019. (Doc # 3). (*See* Plaintiff's Motion attached hereto as Exhibit
"A"). In said Motion, Plaintiff requested that this Honorable Court issue an Order allowing him to
proceed under the fictitious name of John Doe in all matters relating to the instant case. Reasons
set forth in this request included protecting the Plaintiff's privacy and reputational interests, as he
seeks redress against Kentucky Community and Technical College System (hereinafter
"KCTCS"), where he was a former employee.

At this time, for reasons that will be explained more fully below, Plaintiff hereby requests
that this Honorable Court reconsider its decision denying Plaintiff's Motion, and allow him to
proceed in this matter under the pseudonym John Doe. This Court's earlier decision has, and will
continue to have severe implications for Plaintiff. Plaintiff and his family have already been
traumatized by the false allegations of sexual misconduct, as well as KCTCS' clearly erroneous

and unlawful process and determination that he was responsible for the alleged misconduct. By forcing him to reveal his identity to the public, this Court will be requiring Plaintiff to air the false allegations against him to the public, in an era where decisions are made haphazardly by the public and prospective employers despite not having all of the facts.  Moreover, Plaintiff will be faced with a blatantly unfair, no-win situation -- withdraw his case, or reveal his identity and forever associate his name with sexual misconduct allegations in the public sphere. In that event, and regardless of the outcome of this lawsuit, any search of Plaintiff's name on Google or any other search engine will uncover that he was accused and found responsible of sexual misconduct by KCTCS.

## II.      FACTUAL BACKGROUND

On December 20, 2019, Plaintiff filed his Complaint against several Defendants, including KCTCS, Big Sandy Community & Technical College, Dr. Sherry Zylka, and John Roes 1-5. In his Complaint, Plaintiff alleges that KCTCS mishandled allegations of sexual misconduct made against him by two female students at KCTCS. As mentioned above, Plaintiff contemporaneously filed a Motion for Permission to Proceed Under Pseudonym.

On January 30, 2020, this Honorable Court issued an Order denying Plaintiff's request to proceed under the fictitious name of John Doe. (Doc. # 8). (*See* Order attached hereto as Exhibit "B"). Further, the Court directed Plaintiff to amend his Complaint to contain his full name within twenty (20) days of the entry of the Order. *Id.*

## III.     LAW AND ARGUMENT

### A.  Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to reconsider a final order or judgment within twenty-eight days of entry thereof. *Barker v. Patrick Collins, Inc.*, No.

3:12-CV-00372-CRS, 2014 U.S. Dist. LEXIS 6205 (W.D. Ky. Jan. 16, 2014) at ¶ 2, *citing Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Under Rule 59(e), a district court may grant a motion to alter or amend "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Id. citing GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999). For the reasons set forth below, this Honorable Court should amend its previous Order denying Plaintiff's Motion for Permission to Proceed Under Pseudonym, and allow Plaintiff to proceed in this matter under the fictitious name John Doe.

**B.  The Legal Standard Governing Applications to Proceed Under Pseudonym**

Although Fed.R.Civ.P. 10(a) requires that a complaint name all parties, courts have the authority to allow the use of pseudonyms in certain judicial proceedings.  *Doe v. Harlan Cnty. Indep. Sch. Dist.*, 96 F.Supp.2d 667, 670 (2000) (citing *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)). Courts in this Circuit have permitted the use of a pseudonym where an individual's privacy interest substantially outweighs the presumption of open judicial proceedings. *K.G. v Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555-JMH, 2019 U.S. Dist. LEXIS 158674, slip op. at *2 (E.D. Ky. Sept. 8, 2019) (citing *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004)). It is left to the discretion of the district court whether to permit parties to proceed anonymously.  *Porter*, 370 F.3d at 560.

This Court has avoided implementing a bright line test and instead focuses on analyzing numerous factors when considering a party's request to proceed under a pseudonym.  These factors include, but are not limited to: (1) whether the plaintiff(s) is challenging governmental activity; (2) whether the prosecution of the suit will compel the plaintiff(s) to disclose information of the utmost intimacy; (3) whether the plaintiff(s) would be compelled to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff(s) are children.  *Porter,*

370 F.3d at 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)); *K.G. v Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555-JMH, 2019 U.S. Dist. LEXIS 158674, slip op. at *2.  Other factors courts consider include: (1) whether the defendant(s) will be prejudiced if the plaintiff(s) proceeds under a pseudonym; (2) whether the plaintiff(s) will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *Doe v. Whitmer*, No. 1:19-cv-422, 2019 U.S. Dist. LEXIS 164345 (W.D. Mich. July 1, 2019).

Courts around the nation have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. *See, e.g., Doe v. Brandeis*, No. 15-11557, 2016 U.S. Dist. LEXIS 43499, at *93 (D. Mass. Mar. 31, 2016) (permitting use of pseudonym because student-plaintiff could be subject to "stigmatization" in lawsuit against college that found him responsible for sexual assault); *see also Doe v. Von Eschenbach*, No. 06-2131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights") (citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted).

When examining the approach of courts around the nation, it is clear that courts are especially cognizant of protecting plaintiffs' identities in cases of sexual misconduct on college campuses. These courts have allowed plaintiffs who have brought claims against colleges and universities stemming from investigations of sexual misconduct to proceed anonymously.

Moreover, a substantial number of colleges and universities have recognized this substantial privacy right by not opposing student-plaintiffs' motions to proceed anonymously. *See, e.g., Doe* v. *Alger,* 317 F.R.D. 37, 42 (W.D. Va. Mar. 31, 2016) (holding plaintiffs "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ.,* 101 F. Supp. 3d 356, 360 n. 1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe* v. *Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe* v. *Colgate Univ.,* No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of sexual misconduct can proceed anonymously after balancing all pseudonym factors); *Doe* v. *Swarthmore Coll.,* No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding the student-plaintiffs application of pseudonym factors to his case "compelling").

In addition to the overwhelming number of courts around the country that have allowed plaintiffs in similar situations as Mr. Doe to proceed anonymously, this Court has followed this trend numerous times. (Doc # 8 at 3) (noting a number of cases in which this Court has allowed the accused to proceed anonymously in cases of alleged sexual misconduct.)

At this juncture, and for reasons more fully discussed *infra*, Plaintiff submits that the factors for anonymity weigh greatly in his favor. Plaintiff further requests that this Honorable Court reconsider its earlier decision, and follow the customs of this Circuit, and others around the nation by allowing him to proceed anonymously. While Plaintiff is not, and was not, a student at

5

KCTCS like many of the plaintiffs in the cases cited above, it does not mean that the same rules should not apply. Although Plaintiff was a faculty member at KCTCS, he will still be subject to the same ridicule and stigmatization that the student-plaintiffs in the cases cited above faced. Furthermore, the fact that he was a faculty member does not change the severity of the false allegations, or the private nature of this litigation. For these reasons, and the reasons explained below, Plaintiff should be permitted to proceed anonymously.

### C.  The Factors Discussed in *Doe v. Porter* do Support Plaintiff's Request to Proceed Under Pseudonym

As mentioned above, the court in *Porter* discussed a non-exhaustive list for determining whether to grant a party's request to proceed under pseudonym. These factors include (1) whether the plaintiff(s) is challenging governmental activity; (2) whether the prosecution of the suit will compel the plaintiff(s) to disclose information of the utmost intimacy; (3) whether the plaintiff(s) would be compelled to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff(s) are children.  *Porter*, 370 F.3d at 560 (6th Cir. 2004). Plaintiff submits that factors three (3) and four (4) are not applicable in this matter. However, factors one (1) and two (2), as well as additional considerations support Plaintiff's request to remain anonymous, and this Court's findings to the contrary are clearly erroneous. Plaintiff will address each factor separately below.

#### 1.  KCTCS' Decision to Fire Plaintiff Constitutes Governmental Activity

In the Order denying Plaintiff's Motion, this Court stated "[Plaintiff] is not challenging a governmental entity." (Doc. # 8 at 3). Plaintiff respectfully disagrees with this conclusion. KCTCS is a public university located in the state of Kentucky. Like most public colleges and universities, KCTCS is funded and operated by the state, and therefore, they are an extension of the government. It has been well established that public universities are entities of the government. Courts around

the country, including courts in this Circuit have acknowledged this classification. *See Physicians Healthsource, Inc. v. Stryker Sales Corp*., No. 1:12-CV-0729, 2014 U.S. Dist. LEXIS 175421 (W.D. Mich. Dec. 12, 2014) at ¶ 2 (stating in the statement of facts that faxes were sent to federal, state, and local government entities, including state universities); *See also Ohio v. United States Dep't of Educ., Rehab. Servs. Admin*., 377 F. Supp. 3d 823, 829 (S.D. Ohio 2019) (acknowledging that state affiliated colleges and universities are government entities).

Further, guidance as to whether the activity and decisions of colleges and universities are considered governmental activity can be found in this Circuit. *See Doe v. Univ. of Akron,* No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433 (N.D. Ohio Feb. 3, 2016) at ¶ 7. Here, Plaintiff is alleging that KCTCS mishandled false allegations of sexual misconduct against him, and fired him due to these allegations. The decision to fire him was a governmental activity, satisfying the first factor as set forth in *Porter*. Thus, the first factor weighs in favor of Plaintiff proceeding in this matter under a pseudonym.

### 2. Prosecution of this Suit Will Compel Plaintiff to Disclose Information of the Utmost Intimacy as the Underlying Sexual Allegations Must be Disclosed as Part of Plaintiff's Title IX Claim.

In the Order denying Plaintiff's Motion, this Court states that it seems unlikely that the litigation would require disclosure of information of the utmost intimacy. (Doc. # 8 at 3). Specifically, this Court states, "Plaintiff's claims focus on how the Defendants handled the sexual misconduct allegations against him and came to a decision to fire him; the exact nature of those allegations seem tangentially relevant at best." *Id.* While it is true that one of the central issues of this litigation is the manner in which KCTCS handled the allegations against the Plaintiff, this does not mean the nature of the allegations are only tangentially relevant. In Count III of his Complaint, Plaintiff alleges that Defendants discriminated against him in violation of Title IX of the

Educational Amendments Act of 1972 ("Title IX"). (Doc. # 1 at 11-13). To prevail on an erroneous outcome claim under Title IX, a plaintiff must first establish facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding. *Doe v. Miami University*, 882 F.3d 579, 592 (6th Cir. 2018). Therefore, the underlying allegations of sexual misconduct (which Plaintiff has alleged in his Complaint were never fully revealed to him) will be the subject of this litigation, as Plaintiff will be required to establish that the outcome – the finding of responsibility – was erroneous. In order to establish that the outcome was inaccurate, Plaintiff and Defendants will be forced to disclose the underlying allegations of sexual misconduct.

The sexual misconduct allegations against the Plaintiff are the foundation of this litigation, as without them, Plaintiff would not have been fired. As such, it is impossible to properly litigate Plaintiff's claims without the nature of the allegations being discussed at length throughout the course of this matter. Due to the nature of the information that will inevitably be disclosed throughout the course of this matter, Plaintiff should be permitted to proceed under pseudonym.

Additionally, it has been held in this Circuit that sexual harassment and sexual abuse matters are ***clearly*** matters of the utmost intimacy. *Doe v. Mich. Dep't of Corr.*, No. 13-14356, 2014 U.S. Dist. LEXIS 72376, 2014 WL 2207136 (E.D. Mich. May 28, 2014), at ¶ 30, (Emphasis added) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Here, this suit arises out of sexual misconduct allegations made by two female students against the Plaintiff. The alleged sexual misconduct is analogous to the sexual harassment and sexual abuse matters raised in *Michigan Department of Corrections* and must be recognized as a matter of the utmost intimacy. Therefore, the second factor as discussed in *Porter* weighs in favor of anonymity for the Plaintiff.

### 3. Plaintiff's Privacy Interests Outweigh the Presumption of Open Judicial Proceedings

In its Order denying Plaintiff's Motion, this Honorable Court suggested that "Plaintiff has not shown that his privacy interests outweigh the presumption of open judicial proceedings." (Doc. # 8 at 3). The Order concludes that while anonymity may not prejudice the Defendants, as they are aware of the identity of the Plaintiff, "the broad principle that judicial proceedings . . . are to be conducted in public serves many other public ends. *Id.* The Court continues, stating,

> Beyond "informing defendants of a plaintiff's identity," requiring parties to be named allows citizens to know who is using the court system . . . Moreover, "[a]nonymous litigation also deprives the public of its common law right of access to judicial proceedings and undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel."

*Id.* at 3-4. However, in *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), the court expressly stated that party anonymity does not obstruct the public's views of the issues joined or the court's performance in resolving them. Specifically, the *Stegall* court stated,

> Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name. These crucial interests served by open trials, (citation omitted), are not inevitably compromised by allowing a party to proceed anonymously.

*Id.* at 185. While the holding in *Stegall* is not controlling, it would not be the first time this Honorable Court has looked to the *Stegall* holding for guidance. In fact, in *Porter*, this Court cites *Stegall* when discussing the very factors this Honorable Court applies when determining whether a party should be permitted to proceed anonymously. 370 F.3d 558, 560; (Doc. # 8 at 2).

Although the public has a legitimate interest in the legal issues raised in this lawsuit -- including issues of fairness, equity, and contractual obligations owed by colleges to accused faculty in sexual misconduct disciplinary proceedings -- the actual identities of the individuals are of minimal importance to the public. As held in *Stegall*, allowing the Plaintiff in this matter to

proceed anonymously would not obstruct the public's view of the issues, deprive the public of its right to access judicial proceedings, or undermine the efficiency of the court. 653 F.2d 180, 185. Allowing the Plaintiff to proceed anonymously would simply acknowledge the privacy rights of the Plaintiff. Should the court deny Plaintiff's request, and force Plaintiff to reveal his identity, it would only subject him to unnecessary ridicule and attention. *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016), at *3. The *Colgate* court further explained that forcing plaintiff to reveal his identity would not advance any aspect of the litigation. *Id.*

This Court relies on its position that Plaintiff presented no evidence that he would be retaliated against as a result of this litigation. (Doc. # 8 at 4). However, should this matter proceed, and Plaintiff not be permitted to remain anonymous, it will likely have a severe impact on the rest of his professional and personal life. Courts around the country have recognized the lasting impact that cases such as the one here may have on a Plaintiff moving forward. *See, e.g., Doe* v. *Brandeis,* No. l:15-cv-11557-FDS*,* 2016 U.S. Dist. LEXIS 43499, at *93 ("A finding of responsibility for sexual misconduct can also have significant consequences off-campus. Post-graduate educational and employment opportunities may require disclosure of disciplinary actions taken by a student's [or faculty's] former educational institution.") The risk of these negative impacts on a person's life is far too great to deny anonymity. Should the court deny Plaintiff's request to proceed anonymously, he will suffer the very harm that he is seeking to undo with the filing of this lawsuit. *See Doe v. Purdue University*, 321 F.R.D. 339 (N.D. Ind. 2017) (granting student's pseudonym motion in case challenging university sexual assault, noting that "If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit.") Subjecting Plaintiff to his type of irreparable damage is unjustifiable, and therefore, he

should be permitted to proceed anonymously.

### 4. Allowing the Plaintiff to Proceed Anonymously Furthers Public Policy

In denying the Motion this Court stated that while it "appreciates that Plaintiff alleges that he was mistreated after being accused of sexual misconduct, he has chosen to file a civil complaint for damages." (Doc # 8 at 4). The Court concludes that Plaintiff's concerns do not substantially outweigh the presumption of open judicial proceedings. However, it should be recognized that public policy is furthered when litigants are willing and unafraid to file claims in the name of justice. Courts around the country have acknowledged that persons in the Plaintiff's position may be strongly discouraged from pursuing their rights if they were forced to identify themselves. *See, e.g., Doe v. Trustees of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 U.S. Dist. LEXIS 74066 (D.N.H. May 2, 2018), at *6 (noting the authority standing for the proposition that "precluding pseudonymous litigation in college disciplinary cases may have a chilling effect on future plaintiffs who seek to challenge the adequacy of the process"); *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016), at *3 ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."). By allowing Plaintiff to proceed anonymously, this Court would be furthering public policy by encouraging persons in similar positions as Plaintiff to pursue their rights without fear of having to identify themselves.

### 5. The Trend Around the Country in Similar Cases is to Allow Plaintiffs to Proceed Anonymously

It is respectfully submitted that denying Plaintiff's Motion to Proceed Under Pseudonym goes against the current trend in litigation challenging Title IX procedures and outcomes by colleges and universities. In fact, the vast majority of cases challenging the outcome of disciplinary proceedings involving sexual misconduct have proceeded pseudonymously.

Undersigned counsel regularly tracks Title IX lawsuits nationwide and has attached an affidavit addressing all known cases since 2016.  As set forth in the affidavit, attached hereto as "*Exhibit C*," undersigned counsel is aware of one hundred sixty-seven (167) lawsuits filed between 2016 and the present challenging university disciplinary outcomes.  In only forty-nine (49) of the one hundred sixty-seven (167) cases – or fewer than thirty (30) percent – did the plaintiff proceed using his or her real name, and the record in most of those cases show that this decision was not voluntary.

In the majority of these forty-nine (49) cases, the choice to proceed using plaintiffs' real identity was not voluntary. *Id.* However, only seven (7) were based on judicial decisions. *Id.* at ¶ 10(c). More specifically, of those forty-nine (49) cases:

a.   In at least sixteen (16) cases, the plaintiff's identity was known before the filing of a lawsuit either because they were a prominent athlete on the campus or through arrest records or media reports.

b.   In two (2) cases, the named plaintiff had been proceeding pro se, and therefore may not have been advised on or aware of the possibility of proceeding anonymously.

c.   In seven (7) cases, the plaintiff was forced to proceed with their real name due to an adverse ruling on a pseudonym motion by the presiding judge, including one involving a pro se plaintiff.

*Id.* at ¶ 10. Accordingly, it appears that in only twenty-four (24) cases out of the one hundred sixty-seven (167) known matters over the past three years – or just about fourteen (14) percent – Plaintiffs have proceeded under their real name in circumstances where it may have been their choice.

This means that out of the one hundred sixty-seven (167) Title IX cases ongoing between

January 2016 and the present known to undersigned counsel, just seven (7) cases, fewer than five (5) percent, proceeded with the plaintiff's real identity due to a judge's decision. *Id.* This data strongly supports the position that plaintiffs are less likely to bring these cases forward if not for the ability to proceed pseudonymously.

## IV.     CONCLUSION

As demonstrated above, when the factors discussed in *Porter* are examined, as well as other relevant considerations, it is clear that permitting Plaintiff to proceed under a pseudonym is warranted. Plaintiff is challenging governmental activity, and prosecution of this lawsuit will compel him to reveal information of the utmost intimacy, including defending against allegations that he engaged in inappropriate touching of female students. While this matter is in part about the way in which KCTCS mishandled the false allegations against Plaintiff, the matter still stems from allegations of sexual misconduct, and the inaccuracy of the College's finding is an element that Plaintiff must prove. As the lawsuit progresses, it is inevitable that for this Court to properly adjudicate this matter, details of said allegations must be discussed. Further, Plaintiff's interest in protecting his privacy and reputation far outweighs any presumption of openness in judicial proceedings. For all the foregoing reasons, Plaintiff John Doe respectfully requests that this Court reconsider its earlier decision, and permit him to proceed in this matter anonymously.

Respectfully submitted,

/s/ Eric F. Long_____
Eric F. Long
Friedman & Nemecek, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
T: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com
Attorney for Plaintiff