UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-6-DLB

JOHN DOE                                                                                       PLAINTIFF

v.                      **MEMORANDUM ORDER**

KENTUCKY COMMUNITY &
TECHNICAL COLLEGE SYSTEM, et al.                          DEFENDANTS

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon Plaintiff's Motion to Reconsider the Court's prior Order which granted in part and denied in part Plaintiff's Motion for Permission to Proceed Under Pseudonyms. (Doc. # 9). Plaintiff asks the Court to reconsider because, among other things, he claims that the revelation of his identity "will continue to have severe [reputational] implications for Plaintiff." *Id.* at 1. For the reasons set forth herein, his Motion to Reconsider is **denied**.

Motions styled as requests for reconsideration are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Inge v. Rock Fin. Corp.* 281 F.3d 613, 617 (6th Cir. 2002). As Plaintiff correctly noted, Rule 59(e) allows a court "to reconsider a final order or judgment." (Doc. # 9 at 2). Plaintiff has not shown, however, how the Court's preliminary, non-appealable Order falls within the category of orders eligible for reconsideration under Rule 59(e).[1] *See generally id.* Further, "[a] motion to

---

[1] A decision of a district court "is considered final when it terminates on the merits all issues presented in the litigation and leaves nothing to be done except enforce by execution what has been determined." *White v. Brown*, 816 F.2d 683, 1987 WL 37134, at \*1 (6th Cir. 1987) (unpublished table decision) (citing *Donovan v. Hayden, Stone, Inc.*, 434 F.2d 619, 620 (6th Cir.

1

reconsider . . . does not afford parties an opportunity to reargue their case." *Cornett v. Byrd*, No. 6:04-cv-261-KKC, 2007 WL 805527, at *2 (E.D. Ky. Mac. 14, 2007) (quoting *Zink v. Gen. Elec. Capital Assurance Co.*, 73 F. App'x 858, *3 (6th Cir. 2003)); *see also Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Here, the Plaintiff puts forth a number of the same arguments presented in his original motion. *Compare* (Doc. # 3), *with* (Doc. # 9). Additionally, it is unclear why the arguments that are not completely repetitive of those previously presented could not have been included in the originally filed Motion. Moreover, much of Plaintiff's brief relies on district court cases from outside the Sixth Circuit, which are not binding on this Court. *See generally* (Doc. # 9). The Court could deny the Motion on these grounds alone. It will, however, take the opportunity to explain further why reconsideration is inappropriate in this matter.

There are four situations in which a motion to reconsider may be granted pursuant to rule 59(e): (1) "a clear error of law," (2) "newly discovered evidence" which was not previously available, (3) "an intervening change in controlling law," (4) "or to prevent manifest injustice." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While the Plaintiff has failed to specify why the matter before the Court meets any of the four requirements for reconsideration, his argument seems to suggest his Motion is based on the first and fourth factors. *See generally* (Doc. # 9). Having reviewed its previous Order, the Court finds that there is no clear error of law and reconsideration is not necessary to prevent injustice.

---

1970)). Orders regarding discovery motions and orders dismissing "fewer than all parties or claims," for example, are not considered final. *Id.* (citations omitted).

"In considering whether to grant [leave to proceed under pseudonyms] we start from the premise that proceeding pseudononymously is the exception rather than the rule." *Endangered v. Louisville/Jefferson Cty. Metro. Gov. Dept. of Inspections*, No. 3:06-cv-250-S, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007). As the Court explained previously, it looks to four factors to determine whether a party should be permitted to litigate using pseudonyms: (1) whether plaintiffs are challenging a governmental activity, (2) whether plaintiffs will be forced to "disclose information 'of the utmost intimacy,'" (3) whether information disclosed during litigation may lead to the possibility of criminal prosecution of the plaintiff, and (4) "whether the plaintiffs are children."[2] *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). These factors are only one piece of the puzzle, however. Ultimately, "[t]he burden is on the Plaintiff to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Doe v. Dordoni*, No. 1:16-CV-74-JHM, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016) (citing *Doe v. Warren Cty., Ohio*, No. 1:12-cv-789, 2013 WL 684423, at *5 (S.D. Ohio Feb. 25, 2013)). Showing that a plaintiff's interest in anonymity "outweighs the right of access to public records" is a "heavy burden." *Warren Cty., Ohio*, 2013 WL 684423, at *3.

Plaintiff first argues that anonymity is appropriate because he is challenging the decision of a governmental entity—a state university's decision to fire him. (Doc. # 9 at 6–7). However, "the simple fact that plaintiff sues a governmental entity does not give the court more reason to grant [his] request for anonymity." *K.G. v. Bd. of Educ. of*

---

[2] The Court previously noted, (Doc. # 8 at 3), and the Plaintiff agrees, (Doc. # 9 at 6), that the third and fourth factors are inapplicable here.

3

*Woodford Cty., Ky.*, No. 5:18-cv-555-JMH, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019) (quoting *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012)). Rather, this Circuit "has recognized the need for anonymity only in those exceptional cases where plaintiffs are suing to challenge a government activity which requires 'plaintiffs to reveal their beliefs about a particularly sensitive topic'" like religion "that could subject them to considerable harassment." *Eriksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017) (quoting *Porter*, 370 F.3d at 560); *see also Porter*, 370 F.3d at 560 (considering the governmental activity factor, along with others, to determine that plaintiffs could proceed anonymously when challenging the teaching of the Christian Bible during school hours because letters to the editor in local media outlets threatened plaintiffs for bringing the challenge); *John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *1–2 (E.D. Mich. Apr. 18, 2012) (considering the governmental factor when those listed on the sex-offender registry sought to challenge the constitutionality of the law requiring registration of sex offenders and there was evidence, including comments on news articles and a death threat, that indicated plaintiffs would likely be subject to retaliation for their actions).

Moreover, a sister court in this district has recognized that courts are more likely to allow anonymity when a Plaintiff brings an action "against a governmental entity [and] '*seek[s] to have a law or regulation declared invalid.*'" *K.G.*, 2019 WL 4467638, at *3 (emphasis added) (quoting *Univ. of Pittsburgh*, 2018 WL 1312219, at *2). This is not the situation Plaintiff finds himself in. Here Plaintiff is not challenging a government or university policy writ large which could ultimately impact others in the community; rather, he is merely challenging how his employer applied its policies and handled the sexual

4

misconduct allegations against him. Thus, this factor weighs against allowing the Plaintiff to proceed anonymously.

Next, Plaintiff argues that the case will require him to disclose intimate information, and therefore, he should be allowed to proceed using a pseudonym. (Doc. # 9 at 7–8). Specifically, Plaintiff suggests that he will have to share information about the sexual misconduct allegations in order to "establish that the outcome [of the disciplinary process] was erroneous," and prevail on his Title IX claim. *Id.* at 8. This factor, which considers "whether prosecution of the action will compel Plaintiff to disclose information 'of the utmost intimacy,' concerns 'matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families.'" *Doe v. Carson*, No. 1:18-cv-1231, 2019 WL 1981886, at *1 (W.D. Mich. Jan 4, 2019) (quoting *G.E.G. v. Shinseki*, No. 1:10-cv-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)). The matter before the Court obviously does not fall within any of those identified categories. While courts have previously allowed plaintiffs in cases related to sexual misconduct to proceed anonymously, presumably relying on the fact that intimate details would be revealed, *see, e.g.*, *Doe 1 v. Mich. Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014), the affidavit of Plaintiff's own attorney, (Doc. # 9-3), demonstrates that this is not a hard-and-fast rule, (Doc. # 9 at 11–13) (explaining that the affidavit shows that plaintiffs in nearly 30% of cases challenging the outcomes of sexual misconduct disciplinary proceedings used "his or her real name, and the record in most of those cases show that this decision was not voluntary").

Additionally, based on the allegations alleged against Plaintiff—that he "touched [students] in an unwanted manner and commented on their appearances," (Doc. # 1 at 4),—the Court finds that this litigation would not require him to divulge intimate information. Perhaps if Plaintiff had been accused of rape or an inappropriate relationship with a student, for example, the calculus would be different as he would likely have to disclose more intimate information. Here, however, the Court finds that, even if the nature of the allegations are discussed in detail in this litigation, Plaintiff will not have to divulge information "of the utmost intimacy." Accordingly, this factor weighs against anonymity.

Finally, Plaintiff makes a more general argument that the Plaintiff's privacy interests outweigh the presumption of openness in judicial proceedings. (Doc. # 9 at 9–11). The Court, however, disagrees. Once again, Plaintiff argues that his reputation will be harmed if he is required to proceed under his own name; Plaintiff, however, is merely speculating. Despite case law indicating the importance of evidence,[3] Plaintiff fails to put forth *actual evidence* that retaliation against him will occur if he does not proceed anonymously. *See generally* (Doc. # 9). Rather, Plaintiff generally argues that he will suffer reputational harm which will impact both his professional and personal life. *Id.* at 10–11. In this Circuit, however, another district court found that the potential for the Plaintiff to be ridiculed, embarrassed, or stigmatized as a result of a lawsuit, or to be scrutinized by future employers is *not sufficient* to require the use of pseudonyms. *See*

---

[3] *See Dordoni*, 2016 WL 4522672, at *2 (though ultimately finding anonymity to be appropriate, the court noted that "Doe cannot point to specific evidence that a *fatwa* has been issued which calls for him to be harmed and no one has thus far directly threatened him."); *Endangered*, 2007 WL 509695, at *2 (distinguishing *Endangered* from previous cases by noting that in previous cases where anonymity was appropriate "[t]here was actual evidence of threatening and intimidating behavior" including angry letters to the editor and articles while in *Endangered* there was only "an unsubstantiated articulation of subjective fears").

*Univ. of Pittsburgh*, 2018 WL 1312219, at *2 ("In the Court's view, concerns about annoyance, embarrassment, economic harm and scrutiny from current or prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names."). Additionally, as noted in the Court's prior opinion, Plaintiff has *chosen* to sue his former employer, knowing that such a choice may open him up to public scrutiny. *See D.E. v. Doe*, 834 F3d 723, 728 (6th Cir. 2016) (reiterating the district court's finding, in response to plaintiff's argument that there may be "potential negative scrutiny from future employers" if his identity was revealed, that he "forfeited his ability to keep secret his actions at the international border . . . when he sued United States Customs and Border Patrol agents"). Thus, the Court finds Plaintiff's reputational arguments to be unavailing.

Moreover, the cases previously cited by the Court, *see* (Doc. # 8 at 3), which Plaintiff references in support of his argument for anonymity, (Doc. # 9 at 5), are distinguishable from the case at bar. In those cases the *student*-Plaintiffs were suing a university alleging problems with the sexual misconduct disciplinary process, among other things.[4] *See Doe v. University of Dayton*, 766 F. App'x 275, 278–80 (6th Cir. 2019); *Doe v. Baum*, 903 F.3d 575, 578–80 (6th Cir. 2018); *Doe v. Miami University*, 882 F.3d 579, 584–88 (6th Cir. 2018). Here, the Plaintiff is a faculty member accused of sexual misconduct against students at his university. (Doc. # 1 at 3–4). Plaintiff argues that this distinction is of no consequence, (Doc. # 9 at 5–6); the Court disagrees. Rather, the Court finds that the distinction between whether the plaintiff is a student or faculty member

---

[4] Plaintiff also references a number of cases from around the country where motions to proceed anonymously filed by *student*-Plaintiffs were not opposed. (Doc. # 9 at 5).

to be relevant in determining whether anonymity is appropriate. *See K.S. v. Detroit Pub. Schs.*, No. 12-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (finding anonymity to be appropriate when "a student . . . was preyed upon by his teacher"). The Court finds here that the Plaintiff has not met the high burden of showing his privacy interests outweigh the public's interest in judicial openness.

Finally, as Plaintiff correctly notes, it is within the discretion of the Court to determine if anonymous litigation is appropriate. (Doc. # 9 at 3) (citing *Porter*, 370 F.3d at 560). For all these reasons the Court again finds that proceeding under pseudonyms is not appropriate in this matter. Thus, the Court will not reverse its previous decision and the Motion for Reconsideration (Doc. # 9) is **denied**. Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Reconsideration (Doc. # 9) is **DENIED**; and

(2) Plaintiff is directed to file an amended Complaint to contain his full name within twenty (20) days of the entry of this Order.

This 2nd day of March, 2020.

Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\PikeCivil\2020\20-06 Mtn to Reconsider Order on Pseudonyms.docx